JESSE POWELL v. JOHN LUDERS.[1]

November 15, 1901.

Nos. 12,786—(77).

Contract—Custom.

> *Held*, that the testimony produced by plaintiff in this case of the existence of a certain general and uniform usage and custom in the community in which the parties lived and made their contract was sufficient to make a case for the jury on the issue as to whether such a usage and custom then and there existed.

Action in the district court for Lac qui Parle county to recover $58.41 for services rendered. The case was tried before Qvale, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*T. J. McElligott*, for appellant.

*Frank Palmer*, for respondent.

COLLINS, J.

Action, originally commenced in justice court, to recover $58.41, alleged to be due and owing from defendant for threshing grain in the year 1899 at an agreed price of two cents per bushel for oats, three cents for wheat, and seven cents for flax. The defense was that plaintiff entered into a contract with defendant to thresh all of his grain raised that year; that he threshed but a portion of it, and, without adequate reason or cause, refused to thresh the balance.

It was conceded that plaintiff threshed a part only of that embraced in the contract, but he contended that he was justified in abandoning the job and in refusing to fulfil the entire agreement, because defendant declined to furnish or pay a man to run the "stacker," so called, admittedly a part of the threshing machine. It seems to be agreed between the parties that under ordinary circumstances plaintiff would have to furnish a "stacker

[1] Reported in 87 N. W. 940.

man," as one of his machine crew; but he justified his action of refusal to proceed and finish the job by alleging and contending that it was the established, general, and uniform usage and custom in the community in which the defendant lived for the owner of the grain to furnish and pay the man who ran the stacker. Whether or not this was the usage and custom in the neighborhood, and prevailed to such an extent as to lead to the presumption that both parties had knowledge and contracted with reference to it, was really the only question submitted to the jury. The verdict was for the plaintiff.

The testimony tending to show this established usage and custom was very meager, but we cannot say that it was insufficient to justify a finding that such usage and custom prevailed in that community, and was so firmly established and well known to owners of threshing machines and to their patrons as to justify the conclusion that both plaintiff and defendant contracted with reference to it, and, by implication, agreed that defendant should furnish the man. It was not necessary that the proof upon this point should be conclusive in favor of the plaintiff, as counsel for the defendant seems to contend, and the authorities he cites do not support such contention. The testimony as to the existence of the alleged usage and custom made a case for the jury.

This case was set down for oral argument in disregard of the well-known rule of this court. For that reason, no statutory costs will be allowed to the prevailing party. See Taylor v. St. Paul City Ry. Co., 80 Minn. 331, 83 N. W. 189.

Judgment affirmed.